GALLO v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9049. Decided June 18, 1928.

Syllabus by Editorial Staff.

CRIMINAL LAW

(190 E4) Evidence found sufficient to sustain a conviction of murder in the second degree.

(190 A8) Aider or abetter properly convicted as a principal offender.

Error to Common Pleas.

Judgment affirmed.

Raymond J. Logan, Cleveland, for Gallo.

E. C. Stanton, John J. Sexton and M. A. Picciano, Cleveland, for State.

## STATEMENT OF FACTS.

On January 7, 1928, one Bruno Gedwillo, a watchman, was shot and killed near the shanty occupied by him in the performance of his duties, near the intersection of Ontario Street and Race Court, in the City of Cleveland. Thereafter an indictment was returned charging the plaintiff in error, Gallo, and one Mike Glowatch, with the crime of murder in the second degree and in the trial of plaintiff in error, the dying statement of Gedwillo was to the effect that while Glowatch did the shooting the decedent was struck on the head by Gallo with the gun which had been confessedly pressed against the body of decedent by Gallo, before his co-defendant fired the fatal shots, and therefore, at the time of the homicide the gun was alternately in the possession and use of both parties.

There also appeared in the dying statement a declaration by the decedent that he had serious trouble with Gallo in a fight with him, but it also appears in the evidence that Gallo denied this statement.

SULLIVAN, P.J.

Able counsel for plaintiff in error has argued strenuously and eloquently that the verdict should be set aside on the ground that it is clearly and manifestly against the weight of the evidence, and while it is true that the evidence is conflicting on many points, the main facts appear to us unanimously to remain undisturbed. In other words, when the crime was committed, Gallo was present. His mere presence, however, without any part in the commission of the crime, and in the absence of any evidence of conspiracy, would not sustain a verdict of "guilty" against him. A review of the evidence, however, makes it clear and conclusive to that degree of certainty required by the criminal law, that the plaintiff in error was an active participant in connection with the co-defendant, Mike Glowatch.

It is argued that the court committed prejudicial error in overruling a motion to take from the consideration of the jury the charge of second degree and manslaughter as to Charles Gallo. We cannot agree with able counsel in this contention, for the reason that there is evidence in the record tending to show to the extent of the requirement of the criminal law, that a verdict based upon the indictment finds credence in the record, and we cite as a significant portion of the evidence, a part of the statement made by plaintiff in error, Gallo, himself:

"Bruno, I don't know his last name, was coming from towards the market and was crossing Race Court, going to where that construction place is, where he works. I told Mike to stop the machine, that I wanted to have some fun with Bruno * * * Mike stopped the machine and the gun was in the machine, lying on the back cushion, and I grabbed the gun and I went up to Bruno, and said, "Hello Bruno" and I put the gun in his belly. * * * I had the gun and put it on this fellow, and Mike searched him. I know he didn't take nothing though, he just searched him down his pants for a gun. He says I hit him with the gun but I don't remember hitting him with it. The gun exploded then and Mike took the gun away from me and Mike shot the fellow. When Mike grabbed the gun he said, 'Let me kill that cock-sucker.'

He said 'There is nobody around here now'."

Whether Gallo was a principal or an aider or abetter under the evidence, is immaterial under Section 12380 of the Code and under the excerpt from the evidence last noted, an aider and abetter is a principal offender under Section 12380 of the General Code, which provides:

"Whoever aids, abets or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

Holding these views, it is the unanimous opinion of the Court that the judgment of the lower court be and the same is hereby affirmed. (Vickery and Levine, JJ., concur.)